# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISON

| | | |
|---|---|---|
| Ted Bowman, | ) | CASE NO. 1:23 CV 1406 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| City of Fairview Park, et al., | ) | |
| | ) | <u>Memorandum of Opinion and Order</u> |
| | ) | |
| Defendants. | ) | |

## INTRODUCTION

This matter is before the Court upon the Motion for Judgment on the Pleadings of Defendants City of Fairview Park, Officer Michael D. Thompson, and Officer Christina Calabrese. (Doc. 17.) This case arises from the traffic stop and ensuing arrest of plaintiff. For the reasons that follow, the motion is GRANTED.

## FACTS

Plaintiff Ted Bowman ("Bowman") brings this lawsuit against defendants City of Fairview Park ("Fairview Park"), Michael D. Thompson ("Officer Thompson"), and Christina Calabrese ("Officer Calabrese") (collectively, the "Fairview Park Defendants"). Bowman also named as defendants the City of North Olmsted ("North Olmsted"), Matthew Beck ("Officer Beck"), and Christopher Kelley ("Kelley") (collectively, the "North Olmsted Defendants"). The North Olmsted Defendants filed a separate motion for judgment on the pleadings, which this Court granted. (Doc. 16.)

For purposes of ruling on the pending motion, all well-plead factual allegations in the Complaint (Doc. 1-1) are presumed true. The Court summarized the facts of this case in its previous memorandum of opinion and order granting the North Olmsted Defendants' motion for judgment on the pleadings. For ease of reference, the Court summarizes the facts relevant to the Fairview Park Defendants' motion again here.

On June 28, 2021, at approximately 10:00 p.m., Bowman was driving from his home in North Olmsted to his mother's home in Fairview Park. Officer Beck, an off-duty North Olmsted detective driving in his personal vehicle, claims to have observed Bowman's vehicle "driving erratically" in North Olmsted. Officer Beck followed Bowman's vehicle into Fairview Park. Around that same time, Officer Kelley, an on-duty North Olmsted police officer, was dispatched to the area, and he observed Bowman's vehicle weaving back and forth and driving in the center shared left turn lane. Officer Kelley reported his suspicion of an impaired driver to dispatch and initiated a traffic stop.

After stopping Bowman's vehicle, the officers[1] stated that Bowman's speech was "slurred," his eyes were "glassy," and he appeared as if he was going to fall asleep. (Doc. 1-1 ¶ 22.) Officer Thompson, a Fairview Park police officer, instructed Bowman to perform a Horizontal Gaze Nystagmus ("HGN") field sobriety test while Bowman was seated in his vehicle. Officer Thompson conducted a second HGN test after Bowman exited his vehicle. Officer Thompson also attempted to administer a "Walk-and-Turn" test and a "One Leg" test and stated that Bowman could not recite the alphabet properly.

---

[1] The Complaint does not specify which of the four officers made this observation.

2

Bowman was arrested and charged with operating a vehicle under the influence of alcohol ("OVI") in violation of Fairview Park Codified Ordinance 333.01(A)(1)(a). The officers then searched Bowman's vehicle and discovered an open container, resulting in a second charge against Bowman for operating a vehicle with an open container of alcohol under Fairview Park Codified Ordinance 529.07(B)(4).

On September 28, 2022, Bowman was convicted in the Rocky River Municipal Court on both counts. *State v. Bowman*, Nos. 21-TRC-02274, 21-CRB-00971 (Rocky River Municipal Court).[2] On November 23, 2022, Ohio's Eighth District Court of Appeals affirmed Bowman's convictions. *City of Fairview Park v. Bowman*, No. CA 23 112300 (Ohio Ct. App. Nov. 22, 2023).

Bowman filed the present action on July 21, 2023. Bowman asserted five counts in his Complaint: (1) violation of 42 U.S.C. § 1983; (2) false arrest – false imprisonment; (3) intentional infliction of emotional distress; (4) negligence; and (5) employer liability. The North Olmsted Defendants were dismissed following their separate motion for judgment on the pleadings. This case proceeded against the Fairview Park Defendants, who now move for judgment on the pleadings on all claims asserted against them. Bowman opposes the motion.

## STANDARD OF REVIEW

A "motion for judgment on the pleadings under Rule 12(c) is generally reviewed under the same standard as a Rule 12(b)(6) motion." *Mellentine v. Ameriquest Mortg. Co.*, 2013 WL 560515, at *3 (6th Cir. Feb. 14, 2013) (citing *EEOC v. J.H. Routh Packing Co.*, 246 F.3d 850, 851 (6th Cir.

---

[2] The Court may take judicial notice of the public dockets and proceedings in other courts. *See Walburn v. Lockheed Martin Corp.*, 431 F.3d 966, 972 n.5 (6th Cir. 2005) (citing *Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980)).

2001)). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007).

Thus, "[w]e assume the factual allegations in the complaint are true and construe the complaint in the light most favorable to the plaintiff." *Comtide Holdings, LLC v. Booth Creek Mgmt. Corp.*, 2009 WL 1884445, at *1 (6th Cir. July 2, 2009) (citing *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008)). In construing the complaint in the light most favorable to the non-moving party, "the court does not accept 'the bare assertion of legal conclusions' as enough, nor does it 'accept as true . . . unwarranted factual inferences.'" *Gritton v. Disponett*, 2009 WL 1505256, at *3 (6th Cir. May 27, 2009) (citing *In re Sofamor Danek Grp., Inc*., 123 F.3d 394, 400 (6th Cir. 1997). As outlined by the Sixth Circuit:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). However, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570. A plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

*Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). Thus, *Twombly* and *Iqbal* require that the complaint contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face based on factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 678. The

4

complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

## ANALYSIS

The Fairview Park Defendants move for judgment on the pleadings on all claims asserted against them. Judgment is appropriate in the Fairview Park Defendants' favor for many of the same reasons explained by this Court in its previous memorandum of opinion and order granting the North Olmsted Defendants' motion for judgment on the pleadings.

### 1.    Section 1983 Claims

To maintain his Section 1983 claims, Bowman must allege sufficient facts that (1) he was deprived of a right secured by the Constitution or the laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Simescu v. Emmet Cty. Dep't of Soc. Servs.*, 942 F.2d 372, 374 (6th Cir. 1991).

### A.    Fourth and Fourteenth Amendment Claims Against Officer Thompson and Officer Calabrese in Their Individual Capacities

In his Complaint, Bowman alleges that the defendants lacked "probable or just cause or reasonable suspicion or good faith evidence" to follow, stop, seize, test, and arrest him. (Doc. 1-1 ¶ 68.) Bowman contends that this conduct deprived him of his "rights to bodily security and liberty" under the Fourteenth Amendment and subjected him to an "unreasonable physical seizure" prohibited by the Fourth Amendment. (*Id.* ¶ 70.)[3]

---

[3] In his Complaint, Bowman alleges that "[d]efendants" "used excessive force" by handcuffing and placing him in the cruiser in an "unsafe" manner. (Doc. 1-1 ¶ 57.) Bowman does not specify which of the four named individual defendants handcuffed him. In Count One of his Complaint (titled "42 U.S.C. § 1893"), Bowman does not explicitly name a claim for excessive force but alleges that the "[d]efendants" "verbally and/or physically harassed" him and that he "has suffered physical injuries to parts of his body." (*Id.* ¶¶ 68, 71.) But again, Bowman does not allege which of the individual

5

Under Sixth Circuit law, a traffic stop is justified and does not offend the Fourth Amendment as long as a police officer has "reasonable suspicion of an ongoing crime[.]" *Hoover v. Walsh*, 682 F.3d 481, 493 (6th Cir. 2012) (citing *United States v. Sanford*, 476 F.3d 391, 394–95 (6th Cir. 2007)). Reasonable suspicion is more than an unparticularized hunch but less than probable cause. *Id.* at 494. Further, an arrest "is constitutionally problematic only in the absence of probable cause." *Id.* at 499 (citing *Hayes v. Florida*, 470 U.S. 811, (1985)). "Probable cause exists where the 'facts and circumstances within the officer's knowledge [ ] are sufficient to warrant a prudent person . . . in believing . . . that the suspect committed, is committing, or is about to commit an offense.'" *Smith v. City of Wyoming*, 821 F.3d 697, 715 (6th Cir. 2016) (quoting *Michigan v. DeFillippo*, 443 U.S. 31, 37 (1979)).

"The existence of probable cause is an absolute bar to a § 1983 claim" alleging an illegal "search, seizure, detention or prosecution[.]" *Rowser v. Ohio*, 2013 WL 123784, at *7 (N.D. Ohio Jan. 9, 2013) (citing *Logsdon v. Hains*, 492 F.3d 334, 340–41 (6th Cir. 2007)). "A criminal conviction, even if later reversed, constitutes conclusive evidence of probable cause unless the conviction was obtained by fraud, perjury, or other corrupt means." *Schlueter v. S. Energy Homes,*

---

defendants allegedly caused these injuries. A "critical aspect" of a Section 1983 claim against a state actor is that the plaintiff must demonstrate each defendant personally committed the conduct that forms the basis of the alleged unconstitutional behavior. *Robertson v. Lucas*, 753 F.3d 606, 615 (6th Cir. 2014) (citing *Iqbal*, 556 U.S. at 676). Bowman's Complaint does not allege any facts that suggest either Officer Thompson or Officer Calabrese used excessive force against Bowman. To the extent Bowman raises a Fourth Amendment excessive force claim against Officer Thompson or Officer Calabrese, such a claim is not well-plead and judgment on the pleadings in their favor is warranted. "*Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (affirming dismissal where plaintiff "failed to allege with any degree of specificity which of the named defendants were personally involved in or responsible for each of the alleged violations of his federal rights.").

6

*Inc.*, 252 F. App'x 7, 9 (6th Cir. 2007). *Cf. Hill v. Toledo*, 2020 WL 6701988, at *3 (N.D. Ohio Nov. 13, 2020) ("Plaintiff, however, was charged in a separate indictment, confessed, and then pled guilty to three of the six charges. All of these provide conclusive evidence of probable cause for the charges." (citing *Schlueter*)). "[T]he fact of conviction itself establishes probable cause for the arrest [because] the higher standard needed to prove guilt has been met." *Rowser*, 2013 WL 123784, at *7 (citing *Schlueter*).

Here, Bowman was convicted of OVI and open container violations, both of which have been affirmed by the state appellate court. *City of Fairview Park v. Bowman*, No. CA 23 112300 (Ohio Ct. App. Nov. 22, 2023). Bowman does not allege that either conviction was obtained by fraud, perjury, or other corrupt means.[4] Bowman's convictions constitute conclusive evidence of probable cause that bar his Section 1983 claims alleging an illegal seizure and arrest. *Rowser*, 2013 WL 123874, at *7. Accordingly, judgment on the pleadings in Officer Thompson and Officer Calabrese's favor is warranted on these claims.

---

[4] Bowman does not contest that the fact of a conviction establishes probable cause for an arrest. (Doc. 20, at 4 (citing *Schlueter*, 252 F. App'x at 10).) Instead, Bowman contends that *Heck v. Humphrey*, 512 U.S. 477 (1994) does not bar his Section 1983 claim because his claim would not "necessarily imply the invalidity of [his] underlying conviction." (*Id.* at 4–5.) Bowman's understanding of *Heck*'s application to this case is misplaced. The Sixth Circuit held that *Heck* is inapplicable when habeas review was unavailable to a plaintiff because they were not sentenced to time "in custody." *Powers v. Hamilton Cnty. Pub. Defs. Comm'n*, 501 F.3d 592, 603 (6th Cir. 2007). For his convictions, Bowman received fines and an administrative license suspension for one year less credit of 365 days. *City of Fairview Park v. Bowman*, No. CA 23 112300, ¶ 3 (Ohio Ct. App. Nov. 22, 2023). For that reason, *Heck* is inapplicable here.

## B. False Arrest and False Imprisonment Claims Against Officers Thompson and Calabrese in Their Individual Capacities

Bowman also brings claims of false arrest and false imprisonment, alleging that "the [d]efendants intentionally, maliciously and/or recklessly completely followed, stopped, and confined [Bowman] within a limited area, for an[] appreciable time, without lawful privilege or [Bowman's] consent, and imposed by force." (Doc. 1-1 ¶ 77.) False arrest and imprisonment claims can be brought under either federal or state law. *Voyticky v. Vill. of Timberlake*, 412 F.3d 669, 677 (6th Cir. 2005). Bowman fails to address his false arrest claim in his opposition to the Fairview Park Defendants' motion. Thus, it is not clear whether Bowman is alleging state or federal claims against Officer Thompson and Officer Calabrese but, either way, judgment on the pleadings in the officers' favor is warranted.

To the extent Bowman's false arrest and imprisonment claim is based on Ohio law, Ohio's one-year statute of limitations bars any such claim. Ohio Rev. Code § 2305.11(A).[5] But even if Bowman is alleging federal false arrest and imprisonment claims under Section 1983, his claims fail as a matter of law.

---

[5] Bowman does not argue that his claims are entitled to equitable tolling but, if he did, the Fairview Park Defendants are correct that equitable tolling would be inappropriate here. Ohio courts have cautioned that equitable tolling should be "applied sparingly and only in exceptional circumstances." *In re Regency Vill. Certificate of Need Application*, 2011 WL 4541358, at *8 (Ohio Ct. App. Sept. 30, 2011). *See also Amini v. Oberlin Coll.*, 259 F.3d 493, 500 (6th Cir. 2001) ("This circuit has repeatedly cautioned that equitable tolling relief should be granted only sparingly."). "A litigant seeking equitable tolling must demonstrate that he or she diligently pursued his rights, but some extraordinary circumstance stood in his or her way and prevented timely action." *In re Regency Village Certificate of Need Application*, 2011 WL 4541358, at *9 (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010)). Bowman is not entitled to equitable tolling because he has not pointed to any fact that would suggest he faced some "extraordinary circumstance" that "stood in his way and prevented timely filing" of his claims.

8

The Sixth Circuit has held that false arrest and imprisonment claims brought pursuant to Section 1983 implicate "the Fourth Amendment right to be arrested only upon probable cause." *Crockett v. Cumberland Coll.,* 316 F.3d 571, 579–80 (6th Cir. 2003). To establish a false arrest claim under the Fourth Amendment, a plaintiff must prove ultimately that the arresting officer lacked probable cause for the arrest. *Fridley v. Horrighs*, 291 F.3d 867, 872 (6th Cir. 2002) (citing *Painter v. Robertson*, 185 F.3d 557, 569 (6th Cir. 1999)). As discussed above, however, Bowman's convictions constitute conclusive evidence of probable cause for his arrest. Therefore, to the extent Bowman brings his false arrest and imprisonment claims under federal law, judgment on the pleadings in favor of Officer Thompson and Officer Calabrese is warranted.

### C.  *Monell* Claim Against Fairview Park

Count Five in Bowman's Complaint, titled "Employer Liability," seemingly attempts to allege a *Monell* claim. A municipality can be liable under Section 1983 when an official "policy or custom" caused a violation of the plaintiff's constitutional rights. *Monell v. Dep't of Soc. Servs*. 436 U.S. 658, 695 (1978).  However, there can be no liability under *Monell* without an underlying constitutional violation. *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986). *See also North v. Cuyahoga Cty.*, 754 F. App'x 380, 389 (6th Cir. 2018) ("There must be a constitutional violation for a § 1983 claim against a municipality to succeed—if the plaintiff has suffered no constitutional injury, his *Monell* claim fails.").

Here, as discussed above, Bowman has failed to allege any violation of his constitutional rights by any Fairview Park employee. As such, his *Monell* claim against Fairview Park cannot proceed. *City of Los Angeles*, 475 U.S. at 799.

9

Even if Bowman had alleged a constitutional violation by either Officer Thompson or Officer Calabrese, Bowman's Complaint is devoid of sufficient factual allegations to support a *Monell* claim. A municipality cannot be held liable solely because it employs a tortfeasor. *Monell*, 436 U.S. at 691. In other words, a municipality cannot be held liable under Section 1983 on a *respondeat superior* theory. *Id.* Instead, a plaintiff may only hold a government entity liable under Section 1983 where its official policy or custom actually serves to deprive an individual of his or her constitutional rights. *Gregory v. City of Louisville*, 444 F.3d 725, 752 (6th Cir. 2006). The policy or custom must be the "moving force" behind the constitutional violation, so the plaintiff needs to "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy.'" *Searcy v. City of Dayton*, 38 F.3d 282, 287 (6th Cir. 2006) (citations omitted). To maintain a *Monell* claim, a plaintiff must allege an illegal policy or custom by pleading facts suggesting one of the following: (1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision-making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations. *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005).

The sum of Bowman's allegations concerning his *Monell* claim are contained in two paragraphs of his Complaint. First, Bowman alleges that Fairview Park either "executed [a] policy and/or custom and/or officially and/or personally sanctioned, ordered, ratified, and/or failed to properly instruct, train, employ, [or] retain" Officers Thompson and Calabrese. (Doc. 1-1 ¶ 105.) Bowman then alleges that Fairview Park "trained, encourage[d], permitted, and/or ratified its/their officers . . . to treat citizens in a manner that was designed to intimidate, physically injure, or

otherwise violate the rights and safety of citizens, including [Bowman]." (*Id.* ¶ 107.) These conclusory allegations are insufficient. Bowman fails to allege any facts concerning what policy or custom allegedly caused the violation of his Fourth or Fourteenth Amendment rights. Similarly, to the extent Bowman bases his *Monell* claim on a failure to train, Bowman has failed to allege any facts suggesting what training was insufficient and how that caused his injuries.

For these reasons, judgment on the pleadings in Fairview Park's favor is warranted as to Bowman's *Monell* claim.

### 2.    State Law Claims

Bowman's Complaint also enumerates two state-law tort claims alleging that all defendants are liable for intentional infliction of emotional distress and negligence. Judgment on the pleadings is warranted in the Fairview Park Defendants' favor on both state-law claims because the Fairview Park Defendants are all entitled to statutory immunity under Ohio law.

### A.  Fairview Park

Political subdivisions in Ohio, such as municipalities, are afforded immunity from tort liability for injury to a person caused by any act in connection with a governmental or proprietary function. Ohio Rev. Code § 2744.02(A)(1); *Chesher v. Neyer*, 477 F.3d 784, 796 (6th Cir. 2007). Under Ohio law, "government functions" include the operations of law enforcement. *See* § 2744.01(C)(2)(a); *Harris v. Sutton*, 918 N.E.2d 181, 185 (Ohio Ct. App. 2009). Section 2744.02(A)(1) provides immunity to political subdivisions from damages unless one of five enumerated exceptions set forth in Ohio Rev. Code § 2744.02(B) applies. If none of the exceptions contained in Section 2744.02(B) apply, the analysis ends, and the political subdivision is immune from liability.

11

Section 2744.02(B) revokes immunity for damages caused by (1) a municipal employee's negligent operation of a motor vehicle, (2) the negligent performance of employees with respect to proprietary functions of a political subdivision, (3) a municipality's negligent failure to keep public roads in repair, (4) a physical defect on the grounds of public buildings used for government functions, or when (5) civil liability is expressly imposed by another provision of the Ohio Revised Code. Ohio Rev. Code § 2744.02(B)(1)–(5).

Fairview Park is a political subdivision that qualifies for immunity under Ohio Rev. Code § 2744.02(A)(1). Bowman does not allege facts that would suggest any of the applicable, enumerated exceptions apply.

Further, it is well established that political subdivisions in Ohio are immune from intentional torts (such as claims for intentional infliction of emotional distress) under Ohio Revised Code § 2744.02. *Wilson v. Stark Cty. Dept. of Human Servs.*, 639 N.E.2d 105, 107 (1994); *Hout v. City of Mansfield*, 550 F. Supp. 2d 701, 744 (N.D. Ohio 2008) ("Ohio courts have held that political subdivisions are entitled to immunity under § 2744.02 for the intentional torts committed by their employees.") (collecting cases).

For these reasons, Fairview Park is entitled to immunity from Bowman's claims of intentional infliction of emotional distress and negligence and judgment on the pleadings in Fairview Park's favor on these claims is warranted.

### B.  Officers Thompson and Calabrese

Ohio Revised Code § 2744.03(A)(6) provides immunity from liability to employees of political subdivisions. By its terms, Section 2744.03(A)(6) operates as a presumption of immunity. *See Cook v. Cincinnati*, 658 N.E.2d 814, 821 (Ohio Ct. App. 1995). Officers Thompson and

12

Calabrese, in their individual capacities, as employees of Fairview Park, are presumed to qualify for immunity under Ohio Rev. Code § 2744.03(A) for damages allegedly caused by any act or omission in connection with a governmental or propriety function. This presumption is overcome, however, if one of three exceptions enumerated in § 2744.03(A)(6) applies: (1) the employee's acts or omissions were manifestly outside the scope of the employee's employment or official responsibilities; (2) the employee's acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner; or (3) liability is expressly imposed upon the employee by a section of the Revised Code.

As an initial matter, Officers Thompson and Calabrese are entitled to immunity on Bowman's negligence claim because Ohio law is clear that employees of political subdivision cannot be held personally liable for mere negligence. *Fabrey*, 639 N.E.2d at 36. *See also Shevlin v. Cheatham*, 211 F. Supp. 2d 963, 973 (S.D. Ohio 2002) ("Pursuant to [Ohio Rev. Code 2744.03(A)(6)], a police officer cannot be held personally liable for mere negligence, but only for actions that fall into one of the . . . statutory exceptions to the immunity." (citing *Fabrey*)).

Further, Officers Thompson and Calabrese are entitled to immunity on Bowman's claim of intentional infliction of emotional distress because none of the exceptions enumerated in Section 2744.03(A)(6) apply. First, Bowman does not contend that either Officer Thompson or Officer Calabrese caused him injury by acting outside the scope of their employment. Second, Bowman does not cite to any section of the Ohio Revised Code that expressly imposes liability on Officer Thompson or Officer Calabrese. Third, Bowman has not alleged sufficient facts to show that either Officer Thompson or Officer Calabrese acted with a malicious purpose, in bad faith or in a wanton or reckless manner during the traffic stop or arrest. The allegations in Bowman's Complaint consist

13

of nothing more than a threadbare recital of the elements. Bowman's convictions stand to support the reasonableness of his arrest and Bowman has not alleged any facts that suggest either Officer Thompson or Officer Calabrese intentionally caused him emotional distress, let alone that they did so with a malicious purpose, in bad faith or in a wanton or reckless manner.

For these reasons, Officer Thompson and Officer Calabrese are entitled to immunity on Bowman's state-law claims of intentional infliction of emotional distress and negligence. Judgment on the pleadings in Officer Thompson and Officer Calabrese's favor is warranted as to these claims.

## CONCLUSION

For the foregoing reasons, the Fairview Park Defendants' motion is GRANTED.  Judgment on the pleadings is hereby entered in favor of the Fairview Park Defendants on all claims brought against them in the Complaint.

IT IS SO ORDERED.

      /s/ Patricia A. Gaughan
      PATRICIA A. GAUGHAN
      United States District Judge

Dated: 4/17/24